IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EMALYIA KLEMMER, d/b/a OSIO MITA SIGNATURE,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**AVIVA RAND,**<br><br>        **Defendant.** | Case No. 24-CV-01482-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

### BACKGROUND

This action arises out of an alleged breach of contract based on the failure to pay certain invoices for both services rendered and costumes pieces received by the Defendant, Aviva Rand (Doc. 22, p. 3). The Plaintiff, Emalyia Klemmer, also alleges a claim for quantum meruit based on additional services rendered to Defendant. (Doc. 22, p. 3). The Plaintiff alleges that, as part of this transaction, the parties entered into an agreement containing a forum selection clause stating that "[a]ll legal actions relating to the Services purchased hereunder shall be adjudicated in the circuit court for Saint Clair County, Illinois. (Doc. 1-1, p. 10). However, the Defendant points out that this agreement is unsigned, and neither the Plaintiff nor the Defendant are named parties.

In pursuing relief for these alleged actions, the Plaintiff first sought to bring an action in the Civil Court of the City of New York. (Doc. 15-2, p. 1). However, upon

advice of counsel, the Plaintiff later brought an action against the Defendant for this same claim in the Circuit Court of St. Clair County, Illinois. (Doc. 1.1, p. 11).

## DISCUSSION

Personal jurisdiction for a federal court sitting in diversity must be determined based on the state law in which the court sits. *RAR, Inc v. Turner Diesel, LTD.*, 107 F.3d 1272, 1275 (7th Cir. 1997). Thus, this Court must look towards Illinois law to determine whether this Court has personal jurisdiction for the Defendant. Illinois' long arm statute provides courts the ability to exercise jurisdiction to the same extent permitted under the United States Constitution and the Illinois State Constitution. ILCS 5/2-209(c). Further, the Seventh Circuit has suggested "that there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction." *Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002).

Under federal due process law, a court only has personal jurisdiction over a defendant with such "minimum contacts" with the forum state that they could "reasonably anticipate being haled into court there," and that jurisdiction in the suit "does not offend traditional notions of fair play and substantial justice." *Tamburo v. Dworkin*, 601 F.3d 693, 700–01 (7th Cir. 2010) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

In this case, while the Plaintiff is a resident, citizen and domiciliary of the State of Illinois, the Defendant is not. Rather, the Defendant appears to have had no interactions with the State of Illinois that would establish such minimum contacts as

to establish personal jurisdiction. As far as the pleading in this case establish, the only contact with the forum state that the Defendant has encountered has been the interactions with the Plaintiff's business. However, during these interactions, not only was the Defendant located in New York, but it appears that the Plaintiff rendered the goods and services in New York, not Illinois. (Doc. 15-1, p. 1).

Rather than arguing that the Court has personal jurisdiction over the Defendant based on the Defendant's contact with the forum state, the Plaintiff has solely relied on the forum selection clause contained in the agreement to establish personal jurisdiction. However, reliance on this document is misplaced for several reasons.

First, the Plaintiff has waived the ability to enforce this forum selection agreement by initially filing suit on these charges in the State of New York. By attempting to resolve this matter in New York, the Plaintiff in this case created at least the presumption that the right to enforce the forum selection clause has been waived. *See McCoy v. Gamesa Tech. Corp.*, No. 11 C 592, 2012 WL 245162 at *2 (N.D. Ill. Jan. 26, 2012); *see also Stericycle, Inc. v Carney*, No. 12 C 9130, 2013 WL 3671288 at *4 n.6 (N.D. Ill. July 12, 2013) ("a plaintiff generally waives the right to enforce a forum selection clause by filing a claim in a court different than the court mandated by the forum selection clause."). The fact that the Plaintiff later decided that they did in fact wish to resolve this dispute in the forum selected in the agreement cannot erase the Plaintiff's initial actions.

Second, the agreement has not been signed by the Defendant or anyone, as admitted by the Plaintiff. (Doc. 17, p. 1). This fact at least raises doubt as to whether the forum selection clause is valid in the first place. The Plaintiff relies on the "electronic acceptance" of the agreement by the Defendant, but this will not suffice, as the "electronic acceptance" does not contain any information that the agreement was opened, viewed, read, or agreed to by anyone, only that the *estimate* was accepted. (Doc. 22, p. 10).

Third, the parties to the agreement, as provided by the Plaintiff, are neither the Plaintiff nor the Defendant, but are rather Osiomita Signature and Camp HASC respectively. Thus, even if this Court were to accept the "electronic acceptance" to the agreement as binding the parties to it, the Defendant would not be such a party. The Plaintiff acknowledged at least part of this defect in their argument by amending their complaint and including "Osio Mita Signature" as the entity through which the Plaintiff acted. (Doc. 22, p. 1). However, this fails to address the equally defective failure to name the proper party to the alleged agreement, "Camp HASC." While we may now have found the correct plaintiff for this case, we are still missing the correct defendant.

To establish personal jurisdiction through a forum selection clause contained in an agreement that is an unsigned, boilerplate terms and conditions sheet to which the Defendant is not a named party would stretch the doctrine so far as to break it. The fact that the Plaintiff's first choice in litigating this matter was in New York,

provides an equally compelling reason to find the forum selection clause to be incapable of establishing personal jurisdiction.

## CONCLUSION

For these reasons, the Court finds that there is not personal jurisdiction over the Defendant in this case. Plaintiff's Complaint is **DISMISSED without prejudice** and all other pending motions are **DENIED as moot**. *See Peters v. Sloan*, 762 Fed. Appx. 344, 346 (7th Cir. 2019) ("[d]ismissals for lack of personal jurisdiction and venue ordinarily are without prejudice."). While the Defendant may not be held under the jurisdiction of this forum, the Plaintiff may seek to resolve these claims in the proper forum, such as the New York court initially sought by the Plaintiff.

IT IS SO ORDERED.

DATED: November 25, 2024

s/ <u>*Stephen P. McGlynn*</u>
STEPHEN P. McGLYNN
U.S. District Judge